# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

November 7, 2017
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CYNTHIA A. MAIZE,**
**Claimant Below, Petitioner**

**vs.)     No. 17-0263** (BOR Appeal No. 2051195)
                      (Claim No. 2015016083)

**ARMSTRONG HARDWOOD FLOORING COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Cynthia A. Maize alleges that she developed carpal tunnel syndrome in the course of her employment. We are asked to decide if the claim was properly rejected. We are guided by West Virginia Code § 23-4-1 (2008) which provides that an injury is compensable if it was a personal injury received in the course of and resulting from employment. After a thorough review of the evidence, we hold that Ms. Maize did not sustain a compensable injury in the course of her employment. We also find, after consideration of the parties' briefs and evidentiary record, that the decisional process would not be significantly benefitted by oral argument. We find no substantial question of law or prejudicial error. Therefore, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Maize, a nester, alleges that she developed carpal tunnel syndrome as a result of her work duties at Armstrong Hardwood Flooring Company. A treatment note by Jamie Pingley, PASUP, indicates Ms. Maize reported numbness in both arms while at work. She had experienced pain and numbness since July of 2014. The assessment was bilateral lateral epicondylitis and carpal tunnel syndrome.

Ms. Maize next sought treatment from Richard Topping, M.D. His notes indicate Ms. Maize reported in January of 2015 that she had an increase in numbness, tingling, and pain in both hands. Daily repetitive movement worsened the symptoms. She changed positions at work to perform light duty. Dr. Topping assessed bilateral carpal tunnel syndrome and ulnar neuropathy along with tennis elbow. An EMG was normal with no evidence for right cervical radiculopathy or a median neuropathy at either wrist. Ms. Maize reported to Dr. Topping a month later that her symptoms persisted and were made worse when she worked full-time. The assessment was carpal tunnel syndrome. She showed no improvement the following month, and the assessment was bilateral tennis elbow and bilateral carpal tunnel syndrome plus ulnar neuropathy at the wrist. Conservative treatment had been exhausted and surgery was scheduled.

1

In April of 2015, she was status post right carpal tunnel syndrome and tennis elbow release. Ms. Maize reported that the radicular symptoms in the hand seemed to be resolving but she continued to have tingling and elbow pain. The assessment was status post carpal tunnel and tennis elbow releases at the right arm with continued symptoms of carpal tunnel syndrome, ulnar neuritis, and tennis elbow in the left arm. Two months after surgery she still had a lot of weakness in the right hand postoperatively. Ms. Maize reported that she was not doing much better and still had a lot of pain in her hand. Finally, in August, Dr. Topping noted that if she continued to have pain, she should be screened for rheumatoid arthritis.

Ms. Maize testified in a deposition that she worked for the employer as a nester for eighteen years. Her job duties involved picking up and inspecting wood for defects, cutting the defects out, and put it back on the line. She did thirty to forty boards a minute. She also filled holes with putty. She stated that her hand problems began about seven years prior. Approximately a year later, her elbow problems began.

Christopher Martin, M.D., was asked to perform a medical records review. He found that there was confusion in the record regarding when Ms. Maize's symptoms began. He noted that her symptoms were widespread in nature and highly nonspecific. He stated that each diagnosis would involve a specific region of the arm and the likelihood of developing compression of two different nerves in three different anatomical locations was very low. Dr. Martin found that the normal EMG study was evidence against carpal tunnel syndrome. Dr. Martin also found that there was conflicting evidence regarding Ms. Maize's improvement after surgery. In physical therapy notes, she reported minimal relief. Dr. Martin found per her deposition, that Ms. Maize engaged in repetitive activities at work that could have increased her risk of upper extremity problems. However, EMG and nerve conduction studies are sensitive tests for neuropathies of the upper extremities. Also, failure to respond to treatment for carpal tunnel syndrome tends to indicate the disease was never present. Dr. Martin noted that it was odd that she suffered symptoms for eleven years before presenting with a myriad of diagnoses. He also noted that it appeared Dr. Topping questioned the work-relatedness of the condition in his August treatment note after surgery, when he said she needed to be screened for rheumatoid arthritis if her pain persisted. Dr. Martin concluded that Ms. Maize had exposure to repetitive activities compatible with the development of upper extremity problems, but he did not feel the diagnosis of bilateral carpal tunnel syndrome, any abnormality of the ulnar nerve, or bilateral epicondylitis were shown to be present in this claim.

The claims administrator rejected the claim, and the Office of Judges affirmed the decision. The Office of Judges found that EMG nerve conduction studies performed on Ms. Maize were normal. It determined that Dr. Martin's report was the most reliable of record. He found that there was confusion in the record regarding when the symptoms began. Dr. Martin found that the normal EMG study was evidence against carpal tunnel syndrome. Dr. Martin also found that there was conflicting evidence regarding Ms. Maize's improvement after surgery. He also noted that it appeared Dr. Topping questioned the work-relatedness of the condition, when he said Ms. Maize needed to be screened for rheumatoid arthritis if her pain persisted. Dr. Martin concluded that while she had exposure to repetitive activities compatible with the development of upper extremity problems, carpal tunnel syndrome and bilateral lateral epicondylitis had not

been shown to be present in this case. The Office of Judges agreed with Dr. Martin's conclusions. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order.

On appeal before this Court, Ms. Maize argues that she has clearly shown that her occupation caused her to develop carpal tunnel syndrome. She asserts that Dr. Topping found that her bilateral carpal tunnel syndrome and lateral epicondylitis were work-related. Armstrong Hardwood Flooring Company argues that Ms. Maize's diagnoses were based on her subjective complaints, not on nerve conduction studies as is required under West Virginia Code of State Rules § 85-20-41 (2006). It further asserts that Dr. Martin correctly found that the medical records do not support diagnoses of bilateral carpal tunnel syndrome and lateral epicondylitis.

After review of the evidence of record and consideration of the parties' arguments, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Ms. Martin has not shown by a preponderance of the evidence that she developed carpal tunnel syndrome or bilateral lateral epicondylitis in the course of and resulting from her employment. We therefore find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 7, 2017**


**CONCURRED IN BY:**
Chief Justice Allen H. Loughry
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Margaret L. Workman